**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KLEBER N. BETANCOURTH and DELIA BETANCOURTH,<br><br>              Plaintiffs,<br><br>        v.<br><br>JAMES L. MAULDIN, *et al.*,<br><br>              Defendants. | Case No.: 2:21-cv-14168 (BRM) (AME)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiffs Kleber N. Betancourth and Delia Betancourth's ("Plaintiffs" or the "Betancourths") Motion to Remand. (ECF No. 4.) Defendants James L. Mauldin ("Mauldin") and North East Logistics, LLC ("NEL" and, together with Mauldin, "Defendants") opposed the motion. (ECF No. 5.) Having reviewed the parties' submissions filed in connection with the motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Plaintiffs' motion is **DENIED**.

**I.   BACKGROUND**

This is a personal injury action which arises from a motor vehicle accident. On February 4, 2021, the Betancourths filed a three-count Complaint against Mauldin, NEL, and fictitious defendants in the Superior Court of New Jersey, Law Division, Sussex County (the "Complaint"). (ECF No. 1-1.) The First Count, which pertains to Plaintiff Kleber N. Betancourth, states his injuries as follows:

> Kleber N. Betancourth, sustained severe and permanent personal injuries, including, but not limited to: a C4-5 "high signal" midline and right disc herniation that impinges upon the thecal sac and there is no osteophyte formation associated with the herniation and the herniation is adjacent to the spinal cord itself; a C5-6 broad-based disc herniation impinging upon the thecal sac; has been and will be caused great pain and suffering; has been and will be caused to expend large sums of money in an effort to cure himself of his injuries; has been and will be deprived of attending to his usual activities and other great damages.

(*Id.* at 2, ¶ 4 (emphasis omitted).) The Second Count, which pertains to Plaintiff Delia Betancourth, states her injuries as follows:

> Delia Betancourth, sustained severe and permanent personal injuries, including, but not limited to: a complicating focal "high signal" disc herniation at L4-5 with no associated spondylosis with the focal herniation; at L5-S1, there is a broad-based right lateral disc herniation and the disc extrusion is high in signal which would suggest that it was acute in nature and caused by a traumatic event; at C4-5 there is a mid-line high signal focal disc herniation with impingement of the thecal sac; at C5-6, there is a bilobed disc herniation largest to the left but to the right, the disc herniation is high in signal and adjacent to the right aspect of the spinal cord itself and impingement of the spinal code at this level; has been and will be caused great pain and suffering; has been and will be caused to expend large sums of money in an effort to cure herself of her injuries; has been and will be deprived of attending to her usual activities and other great damages.

(*Id.* at 3–4, ¶ 4 (emphasis omitted).) The Third Count restates the Betancourths' injuries. (*Id.* at 4–5, ¶¶ 3, 4.) On April 19, 2021, Defendants filed an Answer which included a demand for a written statement of damages claimed within five days. (ECF No. 1-2.)

On July 27, 2021, Defendants removed the action to this Court based on diversity jurisdiction. (Notice of Removal (ECF No. 1).) On July 30, 2021, the Betancourths moved to remand this case. (ECF No. 4.) Defendants filed an opposition on September 1, 2021. (ECF No. 5.)

The parties do not dispute the amount in controversy exceeds the sum or value of $75,000. (Notice of Removal (ECF No. 1) at ¶ 10; Pls.' Mot. Br. (ECF No. 4-1) at 5.) However, the parties

disagree as to when Defendants were first put on notice that the amount in controversy exceeded $75,000. The Betancourths argue Defendants should have been aware of the amount in controversy as early as January or February 2021, when they received the Complaint. (ECF No. 4-1 at 6.) Defendants contend they only first became aware the amount in this lawsuit exceeded $75,000 on July 21, 2021, when Plaintiffs' counsel responded to an email inquiry from defense counsel and "clarif[ied Plaintiffs'] vague pleading as to damages and making unmistakably clear they sought an amount in excess of $75,000." (Defs.' Opp. Br. (ECF No. 5-2) at 4.)

On November 2, 2021, the Court entered an Order to Show Cause, finding it was unclear from the Notice of Removal whether Defendants had satisfied the citizenship requirement for diversity jurisdiction, stating:

> Defendants James L. Mauldin and North East Logistics, LLC assert this Court may hear this case on the basis of diversity jurisdiction, which requires Plaintiffs to be completely diverse from Defendants and that the amount-in-controversy exceeds $75,000. The Court has reviewed the Notice of Removal and Complaint. The citizenship information provided in the Notice of Removal and Complaint is insufficient to determine if complete diversity of citizenship exists.

(ECF No. 8.) The Court ordered Defendants to show cause by November 15, 2021 why the action should not be remanded for lack of diversity of citizenship and ordered the Betancourths to submit any response by November 22, 2021. (*Id.*)

On November 15, 2021, Defendants filed a response to the Order to Show Cause along with the Declaration of Taras Dutka asserting Mr. Dutka is a citizen of Ohio and is the sole member of NEL. (ECF No. 9 at 1, 4–5.) On November 16, the Betancourths also filed a response to the order to show cause reasserting their argument removal was untimely. (ECF No. 10.)

3

**II.     LEGAL STANDARD**

Under 28 U.S.C. § 1441, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." A federal court has original jurisdiction over a civil action where there is complete diversity among opposing parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332. Typically, a notice of removal of a civil action must be filed by a defendant within thirty days of receiving the complaint. 28 U.S.C. § 1446(b). However, where it is not evident from the face of the complaint that a case is removable, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Upon the removal of an action, a plaintiff may challenge such removal by moving to remand the case back to state court. 28 U.S.C. § 1447. Grounds for remand include: "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Federal courts rigorously enforce the congressional intent to restrict federal diversity jurisdiction, and therefore removal statutes are "strictly construed against removal" and "doubts must be resolved in favor of remand." *Id.* at 396–403; *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citations omitted).

**III.     DECISION**

The Betancourths argue Defendants' removal of the case on July 27, 2021 was untimely because Defendants removed more than thirty days after they had sufficient information to determine the amount in controversy exceeded $75,000.[1] (ECF No. 4-1 at 5–8.) The Betancourths claim "removability of the action could be discerned from the Complaint" because "the Complaint sets forth express information regarding the nature of, severity, and extent of the physical injuries Plaintiffs claim they sustained." (*Id*. at 6–7.)

Defendants counter removal was timely because it was within thirty days of July 21, 2021—the date, according to Defendants, they first could reasonably and intelligently conclude the case was removable. (ECF No. 5-2 at 12–13.) Defendants contend they "did not have a clear and comprehensible basis for removal based upon the Complaint's vague and broad assertions of injury" because the Complaint does not indicate "which allegedly 'permanent' injuries, if any, are actually permanent, or otherwise hint[] at the amount in controversy." (*Id.* at 2.) Defendants assert that, as part of their timely Answer to the Complaint, they issued a demand to Plaintiffs for a statement of damages within five days thereof, but Plaintiffs failed to provide this information. (*Id.* at 4.) Defendants advocate for the application of the "bright-line" rule approach, rather than the "subjective inquiry" approach, in assessing when the thirty-day removal period commenced here. (*Id.* at 6–14.)

---

[1] The parties do not dispute there is diversity of citizenship among the parties. The Notice of Removal states the Betancourths are citizens of New Jersey, Mauldin is a citizen of Florida, and NEL is an Ohio limited liability corporation. (ECF No. 1 ¶¶ 5–8.) In response to the Order to Show Cause, Defendants submitted the Declaration of Taras Dukas affirming he is the sole member of NEL and is a citizen of Ohio. (ECF No. 9 at ¶¶ 2–3.) The Court is satisfied there is diversity of citizenship among the parties. *Deluxe Bldg. Sys. v. Constructamax, Inc.*, 94 F. Supp. 3d 601, 607 (D.N.J. 2013) ("[F]ederal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte* . . . .") (quoting *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995)).

Pursuant to 28 U.S.C. § 1446(b), a notice of removal of a civil action must typically be filed by a defendant within thirty days of receiving the complaint. 28 U.S.C. § 1446(b). The statute provides, however,

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). Accordingly, here, the Court must undertake a two-step analysis to determine whether Defendants' removal was timely. First, the Court must analyze whether the case stated in the initial pleading was removable. Second, if the initial pleadings did not provide a sufficient basis for removal, the Court must determine when Defendants first received "an amended pleading, motion, order or other paper" from which they could reasonably and intelligently conclude the case was removable. *See Frimpong v. Sunrise Senior Living, Inc.*, Civ. A. No. 16-3917, 2016 U.S. Dist. LEXIS 146711, at *11 (D.N.J. Oct. 24, 2016).

"In removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court." *Samuel-Bassett*, 357 F.3d at 398. There are two approaches the Court may take in assessing when the thirty-day removal period commences: the "bright-line" rule approach and the "subjective inquiry" approach. *Cintron v. Wal-Mart Stores E., LP*, Civ. A. No. 19-21406, 2020 U.S. Dist. LEXIS 105692, at *8 (D.N.J. June 17, 2020); *Riconda v. US Foods, Inc.*, Civ. A. No. 19-1111, 2019 U.S. Dist. LEXIS 74773, at *9 (D.N.J. May 2, 2019).

Under the bright-line rule, the Court considers whether a pleading makes "clear," by alleging specific damages or otherwise, the amount in controversy exceeds $75,000. *Worldwide Exec. Job Search Sols., LLC v. N. Bridge Grp.*, 2017 U.S. Dist. LEXIS 194674, at *4 (citing *Vartanian v. Terzian*, 960 F. Supp. 58, 61–62 (D.N.J. 1999)). This approach requires the Court to

assess what the pleadings say, "not what the defendants purportedly knew," with respect to the amount in controversy. *See Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 51–52, 54 (3d Cir. 1993), *overruled on other grounds, Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214 (3d Cir. 2005). By contrast, the subjective inquiry approach directs the court to assess whether "the defendant 'can reasonably and intelligently conclude from the pleadings that the amount in controversy exceeds the jurisdictional minimum.'" *Worldwide Exec. Job Search Sols.*, 2017 U.S. Dist. LEXIS 194674, at *5 (quoting *Carroll v. United Airlines, Inc.*, 7 F. Supp. 2d 516, 521 (D.N.J. 1998). Under this approach, "the burden of proof is on [the] defendant to assess and ascertain the amount in controversy within the 30-day time limit for removal provided in Section 1446(b)." *Carroll*, 7 F. Supp. 2d at 521 (quoting *Marler v. Amoco Oil Co., Inc.*, 793 F. Supp. 656, 659 (E.D.N.C. 1992)).

The Third Circuit has yet to weigh in on which approach it considers controlling; however, "a majority of the Circuits have approved some version of that bright-line rule[.]" *Riconda*, 2019 U.S. Dist. LEXIS 74773, at *10 (citing *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 509 n.13 (3d Cir. 2014) (quoting *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013) (citing cases from Second, Fourth, Fifth, Eighth, Ninth, and Tenth Circuits))). "Courts in this district, including this Court, have found that this approach promotes certainty and efficiency." *Cintron*, 2020 U.S. Dist. LEXIS 105692, at *8 (citing *Vartanian*, 960 F. Supp. at 61; *Riconda*, 2019 U.S. Dist. LEXIS 74773, at *14).

In *Entrekin v. Fisher Sci., Inc.*, the Court explained why the reasons advanced in *Vartanian* for the application of the bright-line rule are sufficiently persuasive to support its general application. 146 F. Supp. 2d 594, 607–608 (D.N.J. 2001). The bright-line rule: (1) "promotes certainty and judicial efficiency" by requiring an affirmative allegation rather than an inferred

7

claim the damages exceed the jurisdictional threshold, (2) "discourages a defendant from removing a case to a federal court prematurely so as to avoid any inadvertent waiver of the right to remove"; and (3) discourages removals "based on a mere 'educated guess'" and challenges to remand "because of the lack of sufficient grounds," and helps defendants avoid potential Rule 11 sanctions. *Id.* at 607–08 (citing *Vartanian*, 960 F. Supp. at 61). The Court also explained courts in this District have found the bright-line rule can be applied in harmony with New Jersey Court Rule 4:5-2, which prohibits the allegation of a specific amount of damages sought, because Rule 4:5-2 does not forbid a general allegation that the damages exceed the federal jurisdictional threshold. *Id.* at 608 (citing *Vartanian*, 960 F. Supp. at 61).

      To require the federal courts to inquire into the subjective knowledge of the removing party in assessing federal jurisdiction would also increase the risk of courts resolving similar disputes inconsistently. Moreover, jurisdiction should not rest on an assessment of a party's subjective interpretation of a pleading. Accordingly, the Court finds the bright-line approach should be applied here. Because the Complaint did not contain a specific allegation the damages sought exceeded the jurisdictional threshold, Defendants' receipt of the Complaint did not trigger the thirty-day removal period.[2]

---

[2] The Court notes it would reach the same conclusion applying the subjective inquiry approach. The Complaint does not assert loss of life or limb. Rather, it states Plaintiff Kleber Betancourth, sustained "a C4-5 'high signal' midline and right disc herniation that impinges upon the thecal sac and there is no osteophyte formation associated with the herniation and the herniation is adjacent to the spinal cord itself; [and] a C5-6 broad-based disc herniation impinging upon the thecal sac." (ECF No. 1-1 at 2, ¶ 4 (emphasis omitted).) The Complaint also states Plaintiff Delia Betancourth sustained:

> a complicating focal "high signal" disc herniation at L4-5 with no associated spondylosis with the focal herniation; at L5-S1, . . . a broad-based right lateral disc herniation and the disc extrusion is high in signal which would suggest that it was acute in nature and caused by a traumatic event; at C4-5 there is a mid-line high signal

The Court next turns to the question of whether Plaintiffs' July 21, 2021 email constitutes "other paper" from which it may first be ascertained the case is one which is or has become removable. Defendants contend that, by the July 21, 2021 email, Plaintiffs made clear their claim was for an amount in excess of the jurisdictional limit. (ECF No. 5-2 at 12.) The email states Plaintiffs seek the "'policy limits' on the case," which, according to Defendants, is "a sum known to be at least seven-hundred and fifty thousand dollars, by operation of federal law, for any general freight carrier." (ECF No. 1 at ¶ 10.) While Plaintiffs dispute the timeliness of the removal, they do not dispute their demand for the policy limits was a demand in excess of $75,000. (*See* ECF No. 4-1 at 5.) Plaintiffs also do not argue or identify a document or communication that would qualify as an "other paper" to trigger a different thirty-day period pursuant to 28 U.S.C. § 1446(b)(c).

The Court gives the term "other paper" "an 'embracive construction' to include a wide array of documents, including letter communications between counsel, deposition testimony, stipulations between the parties, answers to interrogatories, and transcripts." *Costa v. Verizon N.J.,*

---

> focal disc herniation with impingement of the thecal sac; at C5-6, there is a bilobed disc herniation largest to the left but to the right, the disc herniation is high in signal and adjacent to the right aspect of the spinal cord itself and impingement of the spinal code at this level[.]

(*Id.* at 3–4, ¶ 4.) Defendants cannot be expected to interpret the medical jargon in the Complaint or appreciate the significance and financial impact of the various purported diagnoses, particularly where, as here, Defendants are not alleged to have medical expertise and any estimate how this diagnosis translates to a monetary demand is speculation. "To establish diversity jurisdiction, the removing party carries the burden of establishing the requisite amount in controversy and must provide more than mere speculation or tenuous inferences and assumptions about the amount in controversy to satisfy this burden." *Freeman v. Wal-Mart Stores, Inc.*, Civ. A. No. 11-3816, 2012 U.S. Dist. LEXIS 35138, at *4–5 (D.N.J. Mar. 13, 2012).

*Inc.*, 936 F. Supp. 2d 455, 465-66 (D.N.J. 2013) (collecting cases). Applying this broad definition of "other paper" here, the Court finds the July 21, 2021 email constitutes "other paper" within the meaning of the statute. Accordingly, the thirty-day removal clock did not begin to run until Defendants received the July 21, 2021 email. Therefore, Plaintiffs' motion to remand is **DENIED**.

### IV.  CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Remand is **DENIED**. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE

Dated:  December 21, 2021